FILED
U.S. DISTRICT COURT

2005 SEP 23 PM 1:23

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DONNIE MARCUS WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 105-041 |
| ) | (Formerly CR 103-069) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Donnie Marcus Williams ("Petitioner"), an inmate presently confined at the Federal Medical Center in Lexington, Kentucky, has filed with this Court a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. The matter is now before the Court because the United States of America ("the Government") has filed two motions (original and "supplemental") to dismiss Petitioner's § 2255 motion as barred by a valid appeal waiver. (See doc. nos. 3, 4). Petitioner has filed no response, and the Court accordingly considers the Government's motions unopposed.[1] See Loc. R. 75. For the

---

[1] The Government filed its motions to dismiss on May 17, 2005, and June 30, 2005. Rather than respond to those motions, Petitioner requested an extension of time until August 30, 2005, in which to file opposition. (Doc. no. 5). The Court graciously granted this request. (Doc. no. 6). Nevertheless, August 30th has come and gone, and Petitioner has neither filed a response nor given any explanation for his failure to do so. Although Petitioner is *pro se* and therefore entitled to liberal construction of his filings, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), "[l]iberal construction does not mean liberal deadlines." Wayne v. Jarvis, 97 F.3d 1098, 1104 (11th Cir. 1999). As the Sixth Circuit explained, "Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). Indeed, the Supreme Court has explained that a litigant's *pro se* status does not ordinarily obviate his duty to adhere to procedural rules:

Our rules of procedure are based on the assumption that litigation is normally conducted by

reasons explained herein, the Court **REPORTS** and **RECOMMENDS** that the Government's motions (doc. nos. 3, 4) be **GRANTED**, that the instant § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

I. **BACKGROUND**

Pursuant to a negotiated guilty plea (see United States v. Williams, CR 103-069, doc. nos. 37-39 (S.D. Ga. March 16, 2004)(hereinafter "CR 103-069")), this Court convicted Petitioner of one count of conspiracy to manufacture 50 grams or more of methamphetamine

---

lawyers. While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, see Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976)and have held that some procedural rules must give way because of the unique circumstance of incarceration, see Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (*pro se* prisoner's notice of appeal deemed filed at time of delivery to prison authorities), we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Mohasco Corp. v. Silver, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980).

McNeil v. United States, 508 U.S. 106, 113 (1993).

Of course, Petitioner may argue that, because of his incarcerated status, it would be unfair to hold him responsible for his failure to meet the court-imposed August 30th deadline. As recognized by the Supreme Court's opinion in McNeil, some procedural rules do "give way" because of the *pro se* litigant's incarceration. Namely, in Houston v. Lack, 487 U.S. 266, 275 (1988), the Supreme Court explained that a *pro se* prisoner's notice of appeal should be deemed filed as of the date it is delivered to prison officials. The Eleventh Circuit has applied the Houston rationale to hold that *pro se* § 2255 motions should be deemed filed as of the date the motion is signed. See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (*per curiam*). Nevertheless, the Eleventh Circuit has also explained that the Houston rationale does not extend so far as to obliterate a court-imposed deadline by excusing an inmate who has not done "all that he could do to get before the district court in a timely way his legal position in opposition to the dismissal." See Vanderberg v. Donaldson, 259 F.3d 1321, 1325 (11th Cir. 2001).

Here, the Court has been mindful of the burden of Petitioner's incarceration upon the prosecution of his case, and has already granted Petitioner a generous extension of time in which to respond to the Government's motions, which were filed more than two months ago. Under the Local Rules of this Court, Petitioner should have filed a response within fifteen (15) days of being served with the Government's motions. Loc. R. 7.5. Simply put, the Court sees no need to further prolong the adjudication of this case, especially given the Court's conclusion that the instant § 2255 is barred by a valid and enforceable appeal waiver. In addition, as this Report and Recommendation is not a final order, Petitioner will have an opportunity to raise any arguments against dismissal by filing timely objections, as explained in an Order issued simultaneously with this Report and Recommendation.

in violation of 21 U.S.C. § 846 and sentenced him to 151 months of imprisonment on June 8, 2004. CR 103-069, doc. no. 45. Petitioner did not appeal, and his conviction thus became final on June 22, 2004, when the ten day period in which to file a notice of appeal expired. See Fed. R. App. P. 4(b)(1)(A)(i) & 26(a)(2). The negotiated plea agreement contained an express appeal waiver, wherein Petitioner agreed to give up his rights to direct appeal and collateral attack of his conviction and sentence as follows:

> The defendant . . . expressly waives any and all rights . . . to appeal any sentence imposed that is within the statutory maximums . . . The defendant . . . also expressly waives any and all rights to collateral post-conviction attack of the sentenced imposed.

CR 103-069, doc. no. 38, p. 2.

Furthermore, at the Rule 11 colloquy, the Court specifically cautioned Petitioner that, under the terms of the plea agreement, he was "agree[ing] to waive any right to appeal from any sentence or to make any post conviction or collateral attack on any sentence that is imposed in [his] case." CR 103-069, doc. no. 52, p. 13 (hereinafter "Rule 11 Transcript"). Nevertheless, under the plea agreement Petitioner did retain the right to file a direct appeal of his sentence should the Court "upwardly depart[] from the guideline range" or impose a sentence above the statutory maximum. CR 103-067, doc. no. 38, p. 4; see also Rule 11 Transcript ("Tr."), pp. 13-14. In sum, both Petitioner's written plea agreement and the Court's admonition at the Rule 11 colloquy unequivocally informed Petitioner that, in accepting the plea agreement and pleading guilty, he would lose any right to direct appeal or collateral attack, provided of course that the Court did not depart from the applicable sentencing range under the Federal Sentencing Guidelines ("guidelines") or impose a

3

sentence in excess of the statutory maximum.

In the instant § 2255 motion, Petitioner argues that his counsel was constitutionally ineffective for failing to object to the Court's decision to apply a three level USSG § 2D1.1(b)(5)(B) enhancement. (Doc. no. 1, pp. 4, 17-18). Petitioner also maintains that his sentence is illegal under the rule set forth in Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), and applied to the guidelines in Booker v. United States, __ U.S. __, 125 S. Ct. 738 (2005). (Id. at 5, 19-22). In opposition, the Government argues that Petitioner's claims are subject to his appeal waiver, and that Petitioner's purported Blakely/Booker challenge is no exception. (See doc. no. 3). In addition, the Government points out that Booker is not retroactively applicable to cases on collateral review. (Id. at 1). Upon consideration, the Court resolves the matter as follows.

## II. DISCUSSION

### A. The Instant Proceeding is Barred by Petitioner's Appeal Waiver.

Petitioner's broad appeal waiver, discussed above, covered all grounds for appeal or collateral attack save a sentence exceeding the statutory maximum or an upward departure from the range prescribed by the guidelines.[2] Petitioner has not argued that the Court exceeded the statutory maximum or upwardly departed from the applicable guideline range at sentencing; nor is there any evidence in the record to support such a claim. Rather, Petitioner simply argues that his sentence was improperly enhanced, and that his counsel

---

[2]It should be noted that the Eleventh Circuit has specifically held that a broad appeal waiver, such as the one in Petitioner's plea agreement, also serves to waive any Booker challenge. See United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005); United States v. Grinard-Henry, 399 F.3d 1294, 1297 (11th Cir. 2005).

4

should have objected to that enhancement.

Thus, the instant § 2255 motion is barred from consideration, provided of course that Petitioner's appeal waiver is enforceable. A waiver of appeal[3] provision is enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). "To establish the waiver's validity, the [G]overnment must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. Thus, if the Government meets this burden in the instant case, Petitioner's current claims are barred from review. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

Petitioner offers nothing to show that his appeal waiver was not made voluntarily and with full knowledge of the consequences.[4] First, as already discussed, Petitioner signed a plea agreement expressly waiving his right to appeal and collateral attack, and avowing that

---

[3]By "appeal," the Court here refers to the right to "appeal or contest, directly or collaterally, [a] sentence." Bushert, 997 F.2d at 1345.

[4]It should also be noted that any ineffective assistance of counsel claim that does not relate directly to the voluntariness or intelligence of Petitioner's plea is barred by the waiver in Petitioner's plea agreement. See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005)(*per curiam*); see also Vaca-Ortiz v. United States, 320 F. Supp.2d 1362, 1365-66 (N.D. Ga. 2004).

5

he entered into these terms knowingly and voluntarily. CR 103-069, doc. no. 38, p. 9. Also as explained above, the Court conducted a Rule 11 colloquy and explained to Petitioner the consequences of entering into the plea agreement, including the appeal waiver. Rule 11 Tr., pp. 13-14. At this time, Petitioner explicitly informed the Court that he understood the plea agreement and the appeal waiver, and averred that he still wished to plead guilty. Id.

Thus, even if Petitioner's counsel failed to properly explain the significance of the appeal waiver, no prejudice inured to Petitioner because the Court did not fail to do so. Petitioner would have the Court ignore the Rule 11 colloquy; however, "[s]olemn declarations in open court (at the guilty plea hearing) carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). In light of the record evidence, Petitioner cannot generate an issue of fact as to the validity of his appeal waiver. Simply put, the Government has met its burden to show that Petitioner's plea waiver is valid and enforceable. As a result, the Court determines that the instant § 2255 motion is barred from consideration.

### B. Petitioner's Booker Claim Affords Him No Relief.

Moreover, even if it had not been waived, Petitioner's primary claim of error--that his sentence enhancement is unconstitutional under Blakely and Booker--affords him no relief. Blakely and Booker, decided on June 24, 2004, and January 12, 2005, respectively, do not apply retroactively to cases on collateral review. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005)(*per curiam*)(Blakely and Booker do not apply retroactively to § 2255 petition.); In re Anderson, 396 F.3d 1336, 1340 (11th Cir. 2005)(same); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004)(Blakely does not apply retroactively to cases on

collateral review.). In sum, none of Petitioner's claims are properly before the Court, and the instant § 2255 motion should be dismissed.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Government's motions (doc. nos. 3, 4) be **GRANTED**, that the instant § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 23 day of September, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE